UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CODY SNOW,

    Plaintiff,

vs.                                    Case No. 3:25-cv-731-MMH-PDB

ROBERT SUMNER, et al.,

    Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. On June 30, 2025, Defendants Evans Delivery Company and Robert Sumner (the Removing Defendants) removed this action from state court to this Court. See Defendants' Notice of Removal (Doc. 1; Notice). There are two additional Defendants to this action (Jane Adcock and Monster Trucking LLC), and it appears that neither has been served yet. On July 7, 2025, the Court ordered the parties to file disclosure statements that properly identify their states of citizenship so the Court could determine whether it has subject matter jurisdiction over this action. See Jurisdictional Order (Doc. 9). On July 28, 2025, the Removing Defendants filed their disclosure statement in which they attempted to set forth their own citizenships as well as the citizenships of Adcock and Monster Trucking. See Defendants' Disclosure Statement Under Rule 7.1, Federal Rules

of Civil Procedure and Local Rule 3.03 (Doc. 12; Removing Defendants' Disclosure).

When a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). A removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) (emphasis added).[1]

Upon review of the Removing Defendants' Disclosure and the record in this case, the Court remains unable to determine whether it has subject matter jurisdiction over this action because the citizenship of Monster Trucking has not been properly alleged. As the Court explained in the Jurisdictional Order:

> A partnership, limited liability company (LLC), syndicate, or other unincorporated association is a party, and the pleadings fail to identify all of the members or partners of that entity. An unincorporated business association or entity is not a "citizen"

---

[1] The Court notes that Pretka involved a case removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. §§ 1447(d), 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the general removal statute, 28 U.S.C. § 1446." Id. at 756, 756 n.11 (citations omitted). Thus, although Pretka involved removal under CAFA, that case interprets and applies the general removal procedures, and thus, the Court finds the analysis of Pretka applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n.2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

2

> under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fid. & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members [or partners] is determinative of the existence of diversity of citizenship." Id. Therefore, to sufficiently allege the citizenship of this entity, a party must list the citizenships of all members or partners of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam); see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010); Xaros, 820 F.2d at 1181.

See Jurisdictional Order at 3. In the Removing Defendants' Disclosure Statement, they state that "[George] Allmond is a member of Monster Trucking" and that he has lived at the same Georgia address since 2011 and has been registered to vote in Georgia since 2003. See Removing Defendants' Disclosure Statement at 4. The Removing Defendants also provide documentation from the Georgia Secretary of State showing that Allmond signed Monster Trucking's Annual Registration as a member of Monster Trucking. See Annual Registration (Doc. 12-4 at 8). But the Removing Defendants fail to provide any evidence that Allmond is the only member of Monster Trucking. As explained above, an LLC is a citizen of each state of which its members are citizens. Therefore, to properly allege the citizenship of an LLC, the party invoking jurisdiction must identify each member of the LLC along with each member's citizenship. The Court will provide the Removing Defendants one final opportunity to establish jurisdiction over this action. Failure to adequately allege the citizenship of Monster Trucking may result in remand of this action without further notice.

3

Accordingly, it is

**ORDERED**:

On or before **August 22, 2025**, Robert Sumner and Evans Delivery Company shall provide this Court with sufficient information to determine the citizenship of Monster Trucking LLC. Failure to do so may result in remand of this action without further notice.

**DONE AND ORDERED** in Jacksonville, Florida, on August 7, 2025.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of record

4